IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **AKOLOUTHEO, LLC,**<br><br>  Plaintiff,<br><br>  v.<br><br>**NTT DATA, INC.,**<br><br>  Defendant. | **CIVIL ACTION NO.: 4:20-cv-194**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff"), makes the following allegations against NTT Data, Inc. ("NTT" or "Defendant").

## PARTIES

2. Akoloutheo is a Texas limited liability company, having its primary office at 15139 Woodbluff Dr., Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3. NTT is a Delaware corporation with its principal place of business at 7950 Legacy Dr., Suite 900, Plano, TX 75024-0235. NTT's Registered Agent for service of process in Texas appears to be National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendant has a regular and established place of business in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7. Defendant has an established place of business – specifically, NTT's North American corporate headquarters – located within the Eastern District of Texas, in Plano, Texas:

### NTT DATA Names Plano, TX as New North American Headquarters

Plano, TX – May 08, 2013 – NTT DATA, Inc, a leading IT services provider, announced today that its new North American corporate headquarters will be located in Plano, Texas. The 6th largest IT services provider in the world, NTT DATA operates its global headquarters in Japan. NTT DATA currently employs 60,000 people in more than 35 countries with approximately 18,000 supporting North American clients.

The North America region is the company's largest business segment outside of Japan and where significant investments in growth are being made by both NTT DATA and NTT Group. NTT DATA is part of the NTT Group, a Fortune 29 and $130B company with 225,000 employees in 70 countries. The company recently announced an NTT Group R&D Center opening in Silicon Valley.

"The extensive technology services talent pool and IT community were driving factors for selecting Plano," said John McCain, president and CEO of NTT DATA, Inc. "Having a central location to most of our customers in North America so we can best serve them was also quite important. We feel all of this helps us attract and retain top talent, which is vital to support our growth in key areas such as cloud computing, application modernization, and mobility."

The Plano headquarters will be NTT DATA's newest location in the region, joining other major metropolitan locations including Boston, Chicago, New York, San Francisco Bay Area, Toronto, and Washington, DC.

"I am delighted and honored to welcome NTT DATA to Plano," said Phil Dyer, Mayor of Plano, TX. "This is a company that prides itself on maintaining the highest standards for corporate citizenship and excellent service delivery to its customers. NTT DATA is a great addition to our community. Plano is committed to providing an excellent quality of life, quality City services, enhanced economic development, future-focused planning, and a great educational system. I look forward to supporting their growth locally and throughout North America."

8. NTT has infringed, and does infringe, by transacting and conducting business within the Eastern District of Texas.

9. NTT's corporate headquarters in Plano, Texas is a regular and established place of business in this Judicial District, and NTT has committed acts of infringement (as described in detail, hereinafter) within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,426,730**

10. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and

Adaptive Transaction Processing Between Uniform Information Services and Applications" – including all rights to recover for past, present and future acts of infringement. The '730 Patent issued on September 16, 2008, and has a priority date of April 19, 2001. A true and correct copy of the '730 Patent is attached as Exhibit A.

11. Defendant directly – through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to software systems, cloud-based software, software as a service (SaaS), and/or platform as a service (PaaS) (collectively, "software") for organizing, storing, searching and analyzing data across multiple networked resources – including, but not limited to, NTT's DATA Business Insights Engine, DATA Robotic Context Processor, DATA Nucleus, and DATASense IoT Analytics Platform ("NTT Systems").

12. The NTT Systems are the infringing instrumentality.

13. NTT Systems are server-based, operatively couple to a plurality of networked systems and resources, and access and retrieve data from across those networked systems.

14. NTT Systems operate via internet-based access to networked systems and data sources ("data resources").

15. NTT Systems provide for request and query based access to data from data resources.

16. NTT Systems process a user request or query, and responsively retrieve data from data resources.

17. NTT Systems utilize and maintain a registry of data resources.

18. NTT Systems dynamically process transaction requests or queries, select data resources, and perform operations on those data resources to provide a responsive resource or result to a user.

19. NTT Systems generate and process transaction requests for access to particular data resources, select one or more responsive data resources, and provide access to a responsive resource through a user interface.

20. Plaintiff herein restates and incorporates by reference paragraphs 11 – 19, above.

21. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within NTT Systems.

22. NTT Systems comprise a networked computer system that provides a resultant resource responsive to a transaction request.

23. NTT Systems comprise transaction processing constructs.

24. NTT Systems comprise a plurality of networked resources communicatively coupled to provide specific resources responsive to a transaction processed by NTT Systems.

25. NTT Systems maintain registries of networked resources and resource characteristics for use in responding to transactions requests.

26. NTT Systems process a transaction request utilizing contextual elements related to the request.

27. NTT Systems select one or more data resources, and performs one or more operations on those data resources to satisfy the transaction request.

28. NTT Systems generate a resultant resource responsive to the transaction request, and deliver that resultant resource to the user, via a user interface.

29. NTT Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent.

30. NTT Systems literally and directly infringe – at least – claims 1, 15, and 17 of the '730 Patent.

31. NTT Systems perform or comprise all required elements of – at least – claims 1, 15, and 17 of the '730 Patent.

32. In the alternative, NTT Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent under the doctrine of equivalents. NTT Systems perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 15, and 17 of the '730 Patent. Any differences between the NTT Systems and the claims of the '730 Patent are insubstantial.

33. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within, or performed by, NTT Systems and are therefore attributable to NTT.

34. NTT Systems, when used and/or operated in their intended manner, or as designed, infringe – at least – claims 1, 15, and 17 of the '730 Patent, and NTT is therefore liable for infringement of the '730 Patent.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '730 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '730 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

March 9, 2020                                     Respectfully Submitted,

By:  /s/ *Ronald W. Burns*

Ronald W. Burns (*Lead Counsel*)
Texas State Bar No. 24031903
RWBurns & Co., PLLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF
AKOLOUTHEO, LLC**